IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Victor Moreno,** | ) |
|     **Plaintiff,** | ) |
| | )    No: 19 C 2505 |
| v. | ) |
| | )    Judge Ronald A. Guzmán |
| **AFNI, Inc.,** | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [8] is granted, and Plaintiff's complaint is dismissed without prejudice. If Plaintiff can file an amended complaint that complies with Federal Rule of Civil Procedure 11 and addresses the deficiencies noted in this order, he may file the amended complaint within 14 days of the date of entry of this order. If no amended complaint is filed by the date provided, the Court will dismiss the complaint with prejudice and terminate the case.

## STATEMENT

Plaintiff filed suit against Defendant claiming that it violated the Fair Debt Collection Practices Act ("FDCPA") when it sent collection letters with detachable payment coupons at the bottom of the letter and called him, both of which purportedly overshadowed the validation notice required by § 1692g of the FDCPA. Plaintiff also alleges that Defendant oppressed, abused, and/or harassed him in collecting the debt; used false, deceptive, or misleading representation or means in connection with the collection of the debt; and used unfair and unconscionable means to collect the debt. Defendant moves the Court to dismiss the complaint for failure to state a claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raises the right to relief above a speculative level, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

Defendant sent Plaintiff a letter on January 9, 2019 containing the following language:

> Your DIRECTV account has been referred to Afni, Inc. for collection.
> Please take this opportunity to pay your account balance in full.

>Mail in payment using payment stub below.
>
>***Balance Due: $283.03***

(Compl., Ex. A, Dkt. # 1-1.)

According to Plaintiff, he received "frequent" dunning calls throughout January 2019. (*Id*. ¶ 22.) On February 4, 2019, Defendant sent Plaintiff another letter, which included a box on the left labeled, "What Is My Account Information?", stating the amount due as $283.03. On the right, the letter stated:

>Victor E Moreno:
>
>We are making another attempt to contact you regarding your overdue DIRECTV account. In an effort to resolve this matter we will accept $183.97, 65% of the current balance.
>
>***Discounted Offer: $183.97***
>
>Once you pay this discounted amount, your account will be closed and marked settled in full with Afni, Inc. and DIRECTV.
>
>If you have any questions, please contact our office at (866) 352-0472.

(*Id*., Ex. A, Dkt. # 1-3.) Plaintiff contends that Defendant's collection activity "taken as a whole" created the impression that payment of the debt was immediately due and owing, thus overshadowing Plaintiff's validation rights under § 1692g.

Title 15 § 1692g requires a debt collector, within 5 days of its first communication to a consumer, to provide the consumer with an effective validation notice notifying the consumer that it has 30 days after receipt of the notice to challenge the debt and require the collector to verify the debt. That section also states that, if the debtor disputes the debt within the 30–day period, the collector must suspend all efforts to collect the debt until it has obtained verification of the debt and mailed it to the debtor. 15 U.S.C. § 1692g(b). Finally, § 1692g(b) provides that "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

Whether the contents of a dunning letter are confusing or overshadow the validation notice rights provided in the FDCPA is evaluated using an "unsophisticated consumer" standard. *See Gruber v. Creditors' Prot. Serv., Inc*., 742 F.3d 271, 273 (7th Cir. 2014). The unsophisticated consumer is not a "dimwit." *Wahl v. Midland Credit Mgmt. Inc*., 556 F.3d 643, 645 (7th Cir. 2009). "[H]e may be uninformed, naive, and trusting . . . but []he has rudimentary knowledge about the financial world and is capable of making basic logical deductions and

inferences." *Id*. (internal citations, quotation marks and alterations omitted). "[W]hile the unsophisticated consumer 'may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion.'" *Gruber*, 742 F.3d at 274 (citation omitted).

Defendant moves to dismiss for failure to state a claim, contending that the letter and phone calls do not violate the FDCPA. While it is true that the determination of whether a letter or conduct is confusing to a consumer is generally a fact-based inquiry, "there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 760 (7th Cir. 2006).

Plaintiff fails to state a claim as a matter of law. To the extent that Plaintiff challenges the language used in the letters, the claim is unavailing. Neither letter contains language that is confusing, threatening, or creates an impression of urgency such that the 30-day validation period would be negated, even to the unsophisticated consumer. As noted by another court in this district, "'the simple act of demanding payment in a collection letter during the validation period does not automatically create an unacceptable level of confusion so as to entitle the plaintiffs to relief." *Thompson v. Harris & Harris, Ltd.*, No. 18 C 7527, 2019 WL 952144, at *2 (N.D. Ill. Feb. 27, 2019). As to the Defendant's telephone calls to Plaintiff during the validation period, the Seventh Circuit has concluded that debt-collection efforts may continue during that 30-day period. *Bartlett*, 128 F.3d at 501. Thus, the calls in and of themselves do not justify relief. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 417 (7th Cir. 2005) ("If, as this court held in *Bartlett*, a debt collector can bring a lawsuit during the validation period in an effort to collect a debt, . . . then certainly a debt collector can send follow-up collection letters (as well as place telephone calls) demanding payment during the validation period. Demanding payment for an uncontested, overdue debt is an entirely valid tool available to debt collectors ....... ") (internal citation omitted). And Plaintiff does not allege that he actually spoke with anyone associated with Defendant, so no threatening or confusing statements are at issue. Accordingly, the Court finds that Plaintiff has failed to state a claim under the FDCPA for overshadowing.

"Because the overshadowing determination is dispositive and [Plaintiff] offers no other showing of deceit, misrepresentation, unfair, or unconscionable means to collect, [his] §§ 1692e and 1692f claims based on the same theory also fail." *Thompson*, 2019 WL 952144, at *4.

Plaintiff's complaint is dismissed without prejudice. If Plaintiff can file an amended complaint that complies with Federal Rule of Civil Procedure 11 and addresses the deficiencies noted in this order, he may file the amended complaint within 14 days of the date of entry of this order. If no amended complaint is filed by the date provided, the Court will dismiss the complaint with prejudice and terminate the case.

**Date**: June 27, 2019

**Ronald A. Guzmán**
**United States District Judge**